**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Blerta Krasniqi,

                              *Plaintiff*,

             *- against -*

Exit Realty Corp. USA, and Anil Soman,

                           *Defendants*.
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**<u>COMPLAINT</u>**

       Plaintiff Blerta Krasniqi  ("Plaintiff" or "Krasniqi"), by and through her attorneys, Levin-Epstein & Associates, P.C. brings this complaint against Defendant Exit Realty Corp. USA (the "Corporate Defendant") and and Anil Soman (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants") and states as follows:

**NATURE OF THE ACTION**

       1.    Plaintiff brings this lawsuit seeking recovery against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

       2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

**JURISDICTION AND VENUE**

       3.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

1

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

THE PARTIES

**PLAINTIFF BLERTA KRASNIQI**

6.      Plaintiff Krasniqi was employed as a administrative assistant and general worker at Defendants' real estate brokerage, known as "Exit Realty Group".

7.      Plaintiff Krasniqi was employed as a non-managerial employee at "Exit Realty Group" from on or around July 15, 2018 through and including December 2021.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9.      At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT EXIT REALTY CORP. USA**

10.      Upon information and belief, Defendant Exit Realty Corp. USA is a foreign corporation organized and existing under the laws of the State of Massachusetts. Upon information and belief, it maintains its principal place of business at 400 Trade Center, Suite 5900, Woburn, MA 01801, and an alternate address at 75 North Central Avenue, Suite 1, Elmsford, NY 10453.

11.      At all times relevant to this Complaint, Defendant Exit Realty Corp. USA: (i) has

had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Exit Realty Corp. USA was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Exit Realty Corp. USA was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14.     Defendant Exit Realty Corp. USA possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff referred to herein.

15.     Defendant Exit Realty Corp. USA had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT ANIL SOMAN**

16.     Defendant Anil Soman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

17.     Upon information and belief, Defendant Anil Soman maintains a residence at 698 Central Park Avenue, Scarsdale, New York 10585, and a business address at 75 North Central Avenue, Suite 1, Elmsford, NY 10453

18.     Defendant Anil Soman is sued individually and in his capacity as an owner, officer

and/or agent of the Corporate Defendant.

19.    Defendant Anil Soman possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

20.    Defendant Anil Soman determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21.    At all times relevant to this Complaint, Defendant Anil Soman was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

22.    Defendants own, operate and/or control a real estate brokerage, known as "Exit Realty Group".

23.    The Individual Defendant possesses operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff referred to herein.

26.    Defendants jointly employed Plaintiff, and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff.

28.      Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of himself, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from himself, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.     defectively forming or maintaining the Corporate Defendant, by among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for his own benefit as the majority shareholders;

e.     operating the Corporate Defendant for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of his own with the Corporate Defendant;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect his own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

30.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

31.     Plaintiff was an employee of Defendants.

32.     Plaintiff was employed as a administrative assistant and general worker at Defendants' real estate brokerage, known as "Exit Realty Group".

33.     From approximately July 15, 2018 through and including December 2021, Plaintiff worked five (5) to seven (7) days per week, 10:00 a.m. to 5:00 p.m. or 8:00 p.m., (*i.e.*, an average of 8.5 hours per day), for a total average of approximately 51 hours during each of the weeks, respectively.

34.     From approximately July 15, 2018 to, through and including December 2019, Plaintiff was paid a flat weekly salary of $500.

35.     From approximately January 1, 2020 to, through and including December 31, 2021, Plaintiff was not paid *any* wages.

36.     Plaintiff was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected her actual hours worked.

37.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

38.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

39.     Defendants did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

40.     Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff her statutory right to receive true and accurate information about the nature of her

employment and related compensation policies.

41.     Moreover, the breach of the obligations injured Plaintiff by denying her the right to know the conditions of her compensation and resulted in the underpayment of wages averred above.

42.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

**FIRST CLAIM**
**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)**

43.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

45.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

46.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

47.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

49.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

50.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### THIRD CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

51.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

53.     Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

54.     Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the FLSA.

55.     Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

56.     Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

57.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

58.     Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

59.     Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

60.     Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL.

61.     Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages at one and one-half times her agreed-upon regular rate of pay (i.e., $25.5 per hour).

62.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

63.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

64.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

9

65.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

66.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

67.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

69.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

70.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

10

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

71.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

73.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendant violated the overtime wage provisions of the FLSA;

b.     declaring that Defendant violated the overtime wage provisions of the NYLL and NYDOL regulations;

c.     declaring that Defendants violated the minimum wage provisions of the FLSA;

d.     declaring that Defendants violated the minimum wage provisions of the NYLL and the NYDOL regulations;

e.     declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.     awarding Plaintiff unpaid overtime wages;

h.     awarding Plaintiff unpaid minimum wages;

i.     awarding Plaintiff unpaid spread-of-hours wages;

j.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

k.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       August 8, 2022                         Respectfully submitted,



                                     By:  /s/ Jason Mizrahi
                                          Jason Mizrahi
                                          Joshua Levin-Epstein
                                          Levin-Epstein & Associates, P.C.
                                          60 East 42nd Street, Suite 4700
                                          New York, New York 10165
                                          Tel: (212) 792-0048
                                          Email: Jason@levinepstein.com
                                          *Attorneys for the Plaintiff*