

> Telephonic pre-motion conference to be held on 2/14/24 at 10:45 am.  Call-in number is 877-336-1839 and access code is 1047966#.  Plaintiff shall respond to Josvla's letter, by letter of no more than 3 pages, no later than 2/7/24.  The Clerk of Court is respectfully directed to terminate ECF Nos. 46 and 47.
>
> SO ORDERED.
> *Cathy Seibel*   1/9/24
> CATHY SEIBEL, U.S.D.J.

MACKENZIE L. DIMITRI
Member of the NY Bar
112 Madison Ave., 8th Floor
New York, NY 10016
212-391-9500
mld@ed-lawfirm.com

January 8, 2024

**VIA ECF and Electronic Mail (chambersnysdseibel@nysd.uscourts.gov)**
The Honorable Cathy Seibel
United States District Judge
United States District Court Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

      Re:     Krasniqi v. Exit Realty Corp. USA, et al. Docket No. 22-cv-06712

Dear Judge Seibel:

      We represent the defendant, Josvla Inc. ("Josvla"), in this action. We write this letter pursuant to your Honor's Individual Practice Rule 2(A) and Federal Rules of Civil Procedure 12(b)(6), (7) and 12(e) to respectfully request a pre-motion conference for a motion to dismiss the amended complaint[1] against Josvla and/or for a more definite statement, for the reasons set forth herein.

      The Amended Complaint alleges Plaintiff was employed as an administrative assistant and general worker at "Defendants' real estate brokerage, known as Exit Realty Group." Docket Entry ("DE") 28, ¶¶6. The Amended Complaint also alleges, among other things, that Josvla and co-defendant Anil Soman were associated and shared control over employees, or, in the alternative, that Soman operates Josvla "as an alter ego of himself and/or fails to operate Josvla as an entity legally separate and apart from himself. DE 28, ¶22-28.

      In fact, upon information and belief, Plaintiff was employed by Vataj & Associates Realty Inc. d/b/a Exit Realty Group (hereafter "Vataj") and/or solely by Soman. Upon information and belief, Soman was also an employee of Vataj. Josvla is a subfranchisor of EXIT Realty Corp. International, the franchisor of Exit realty brokerages. Josvla, as a subfranchisor, licenses the right to operate Exit realty brokerages to franchisees. Josvla and Vataj entered into a franchise agreement, pursuant to which Josvla licensed Vataj the right to operate an Exit realty brokerage. Pursuant to the Franchise Agreement, Vataj and Josvla agreed that neither is an agent, legal representative, joint venturer, partner, employee, or servant of the other party for any purpose whatsoever, and that Vataj is an independent contractor and is in no way authorized to make any contract, agreement, warranty, or representation on behalf of Josvla.

      Critically, Soman is not and has never been an owner of Josvla or operated Josvla, and Josvla has never employed any of the parties in the action. Josvla and Soman are not associated, nor do they have any relationship whatsoever.

---

[1] See Docket Entry No. 28.



Einbinder & Dunn LLP
January 5, 2024
Page **2** of **2**

      Accordingly, pursuant to Rule 12(b)(6), Josvla's position is that documents incorporated by reference in the Amended Complaint, the Franchise Agreement and documents related to the ownership of Josvla necessitate the dismissal of the action.[2] Pursuant to Rule 12(b)(7), Vataj, which, upon information and belief is the actual employer of Plaintiff, is a necessary party which should have been joined in this matter and, accordingly, that is another basis to dismiss the Amended Complaint.

      Finally, because the Amended Complaint is rife with clear factual errors and conclusory allegations, Josvla seeks leave to move for a more definite statement pursuant to Rule 12(e). Given the fact that Plaintiff has mistaken Josvla for another party (i.e. a party that Soman has an ownership interest in and/or Vataj and/or another third party), it would be impossible for Josvla to frame a responsive pleading.

      Based on the foregoing, Josvla respectfully requests the Court arrange for a pre-motion conference between the parties. Thank you for your consideration.

Respectfully yours,

/s/ *Mackenzie L. Dimitri*

Mackenzie L. Dimitri

*Counsel for Joslva, Inc.*

CC: Counsel for Plaintiff *via ECF*

     Counsel for Co-Defendant *via* ECF

---

[2] The allegations in the Amended Complaint relate to the ownership of Josvla, and, thus, are easily disproved by Josvla's corporate formation and/or governing documents, which will show that Soman is not a shareholder of the company. The allegations in the Amended Complaint also relate to the operation of the real estate brokerage. The franchise agreement gives Vataj the right to operate the brokerage, and dictates the terms pursuant to which Vataj must operate the brokerage, including that Vataj is an independent contractor and Josvla is not a joint employer. Accordingly, Josvla's position is that these documents are integral to the allegations in the Amended Complaint and, thus, incorporated by reference.